[S. F. No. 21097.   In Bank.   June 4, 1964.]

RALPH BERGGREN et al., Plaintiffs and Appellants, v. PAUL MOORE, as a Member of the City Council, etc., et al., Defendants and Respondents.

Burnett, Burnett, Keough & Cali and John M. Burnett for Plaintiffs and Appellants.

Ferdinand P. Palla, City Attorney (San Jose), Richard K. Karren, Senior Assistant City Attorney, Harry Kevorkian, Assistant City Attorney, Morgan, Beauzay & Holmes and Robert Morgan for Defendants and Respondents.

SCHAUER, J.—In this redevelopment case, plaintiff property owners appeal from an adverse judgment in their action attacking the proceedings of the Redevelopment Agency and of the City Council of the City of San Jose (hereinafter called, respectively, the agency and the council) which led up to adoption by the council of a city redevelopment plan known as the "Park Center Project." Plaintiffs' action is for

declaratory relief, and for writ of mandate or certiorari. As will appear, we have concluded that the trial court correctly disposed of the various contentions advanced by plaintiffs, and that the judgment should be affirmed.

1. *Scope of Review.* Plaintiffs' contention that the trial court erred in refusing to exercise its independent judgment on the evidence upon which the council acted in adopting the subject plan has been decided to the contrary in our recent opinion in *In re Redevelopment Plan for Bunker Hill Urban Renewal Project* (1964) *ante,* pp. 21, 37-41 [1-5] [37 Cal.Rptr. 74, 389 P.2d 538]. Plaintiffs' further suggestion that such holding contravenes the intent of the 1950 amendment of section 1 of article VI of the California Constitution is likewise without merit. (See *Savage* v. *Sox* (1953) 118 Cal.App.2d 479, 485-488 [3-6] [258 P.2d 80].)

2. *Conduct of Agency Hearing.* Plaintiffs complain that refusal of the agency to require persons appearing before it at its public hearing on the proposed plan to be sworn and its refusal to permit plaintiffs to cross-examine such persons constituted a denial of due process to plaintiffs. The trial court correctly determined this point adversely to plaintiffs.

The Community Redevelopment Law (Health & Saf. Code, § 33000 et seq.) provides that following the designation of "redevelopment areas" (§§ 33480-33482)[1] by the legislative body (here, the council) or (upon the authorization of that body) by the agency or the community's planning commission, the planning commission shall with the cooperation of the agency (§ 33503) "select one or more project areas comprising all or part of such redevelopment area, and formulate a preliminary plan for the redevelopment of each project area." (§ 33500.) Thereafter the planning commission "shall submit the preliminary plan for each project area to the agency and the agency shall base the redevelopment plan upon the preliminary plan." (§ 33502.)

Section 33700 directs that "Each agency shall prepare or cause to be prepared, or adopt, a redevelopment plan for each project area and for that purpose may hold hearings and conduct examinations, investigations, and other negotiations," and that "Before the adoption of a redevelopment plan by the agency, the agency shall conduct a public hear-

[1]Unless otherwise stated, all section references are to the Health and Safety Code as the cited sections read at the pertinent time (here, as amended in 1959).

ing on it'' after publication of notice and mailing thereof to ''the last known assessee of each parcel of land'' in the project area. Further, ''in formulating redevelopment plans'' the agency ''shall consult with the planning commission'' (§ 33703), and submit the ''redevelopment plan of each project area'' to that commission for report and recommendation before submitting it to the legislative body. (§ 33704.) Following the agency's public hearing and ''Upon the formation or adoption of a redevelopment plan and its submission to the planning commission ... the agency shall submit it to the legislative body.'' (§ 33711.)

The law next directs (§ 33730) that ''The *legislative body shall consider the* redevelopment *plan* of a project area *submitted* by the agency and *all evidence and testimony for or against* the *adoption* of the plan*s* at a public hearing, notice of which shall be given by publication. . . .'' (Italics added.) Such notice shall '' (b) State ... when and where any ... persons having any objections to the *proposed* redevelopment *plan* or *who deny* the *existence of blight* in the *proposed* project area, *or* the *regularity of* any of the *prior proceedings may appear before the legislative body and show cause* why the proposed plan should not be adopted.'' (§ 33730.5; italics added.)

█ Thus, it does not appear that the statute requires that at the public hearing held by the *agency* in the course of formulating and adopting a *proposed* redevelopment plan witnesses be sworn and made available for cross-examination. The absence of any reference to ''evidence and testimony'' in the section (33700) dealing with the agency public hearing, and its express inclusion in the section (33730) directing that the *legislative body* at its own public hearing consider ''all evidence and testimony for or against'' adoption of the plan, combine to indicate an awareness and intent by the Legislature that the agency's role in the formulation and adoption of a proposed plan for submission to the legislative body for final adoption or rejection may be carried out with a lesser degree of formality than that specified for the hearing before the legislative body. This view finds further support in the requirement of section 33730.5 that the notice of the latter hearing specifically state when and where those objecting to the plan, or denying the existence of blight or the regularity of prior proceedings, may present their showing.

█ The unchallenged finding of the trial court is that at the hearing before the council witnesses were sworn and plaintiffs were given the opportunity to cross-examine them.

Plaintiffs make no complaint on this score, and the requirements of due process were obviously met. It may also be noted that at the hearing before the agency plaintiffs were invited to ask questions of the witnesses through the chairman of the agency, but declined to do so. Neither error nor prejudice to plaintiffs is shown.

3. *Blight.* As declared by section 33040, a "blighted" area is characterized by "one or more" of the conditions set forth in sections 33041 through 33044. Both the agency and the council found the project area to be blighted within the meaning of the Redevelopment Law, and the trial court found that the council's determination to that effect "is supported by substantial evidence received" at the council's public hearing on the plan.

Plaintiffs argue that the project area was not blighted and that therefore the council was without jurisdiction to adopt the redevelopment plan. However, although undertaking a brief discussion of certain of the evidence which plaintiffs state was before the council concerning blight, plaintiffs provide us with no reference to where evidence on the subject may be found in the 19 volumes of transcript of the council hearing which are included in the record. They have thus failed to meet their burden on appeal (see Cal. Rules of Court, rule 15(a)) and we deem their argument on the point to be without substance.

4. *Economic Feasibility.* Secton 33731 provides that "On the question of the adoption of the redevelopment plans submitted by the agency, the legislative body shall determine: ... (b) Whether the adoption and carrying out of the redevelopment plan is economically sound and feasible."

The trial court found that "the finding of the City Council ... that said plan is economically sound and feasible and that the adoption and carrying out thereof is economically sound and feasible is supported by substantial evidence received by it at" the council's public hearing.

In reliance upon certain evidence presented by the agency at the council hearing, relative to the anticipated approximate costs to the agency of acquiring the properties in the project area and to the means planned for raising the funds, plaintiffs argue that an insufficient margin was allowed for contingencies and that therefore the redevelopment plan is economically unsound and unfeasible. Plaintiff's approach appears, however, to be based upon the complaint that the trial court refused to exercise an independent judgment with

respect to the evidence concerning the economics of the plan, i.e., to reweigh it. As noted hereinabove, the trial court's position was correct. Moreover, as that court further noted in its memorandum decision, "In fiscal matters, a City Council is an expert body, particularly in the matter of economic feasibility, when it comes to dealing with governmental operations. . . . [T]hey have handled multi-million dollar budgets, they have bought property and . . . sold property throughout the City, they have more of a familiarity in the neighborhood, and can bring [in] the sum and substance of their knowledge in determining the facts."

5. *Appraisals.* What we have just said disposes likewise of plaintiffs' final contention—that refusal of the *council* to require disclosure of information contained in individual appraisals made for the *agency* of the properties embraced in the project area constituted denial of a full and fair hearing. This proposition is but another facet of plaintiffs' argument that the plan allows an insufficient margin for contingencies in the acquisition of the properties. The contention is within the purview of our holding in *In re Redevelopment Plan for Bunker Hill Urban Renewal Project* (1964) *supra, ante,* pp. 21, 65 [33]. It does not appear that plaintiffs were prejudiced by failure of the council to receive evidence concerning the details of the individual appraisals.

In this connection it should be firmly kept in mind that this is not an eminent domain proceeding in which plaintiffs' properties are being taken or damages therefor assessed. If and when the proceedings reach that stage plaintiffs will of course be entitled to full opportunity to establish the value of their individual properties. (See *In re Redevelopment Plan for Bunker Hill Urban Renewal Project* (1964) *supra, ante,* pp. 21, 68-71 [36].)

For the above reasons, the judgment appealed from is affirmed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.