[No. B010164. Second Dist., Div. Seven. Feb. 27, 1986.]

FOSSELMAN'S, INC., et al., Plaintiffs and Appellants, v.
CITY OF ALHAMBRA et al., Defendants and Respondents.

## COUNSEL

Miller & Daar, David Daar, Jeffrey J. Daar and Erwin Sobel for Plaintiffs and Appellants.

Leland C. Dolley, City Attorney, Burke, Williams & Sorensen, J. Robert Flandrick and Virginia R. Pesola for Defendants and Respondents.

## OPINION

**LILLIE, P. J.**—Plaintiffs, a corporation and three individuals, appeal from judgment entered in favor of defendants City of Alhambra and Alhambra Redevelopment Agency in an action challenging the validity of an amendment to a redevelopment plan adopted by defendants.

### FACTS

Pursuant to the provisions of the Community Redevelopment Law (Health & Saf. Code, § 33000 et seq.),[1] on July 15, 1981, the Alhambra City Coun-

---

[1] All statutory references are to the Health and Safety Code unless otherwise indicated.

cil adopted an ordinance which amended the city's industrial redevelopment plan to include additional property within the area of the redevelopment project. On September 8, 1981, plaintiffs, as taxpayers and property owners in the City of Alhambra and the County of Los Angeles, commenced an action (No. C-381390) against the city and its redevelopment agency to invalidate the amendment.[2] (§ 33501; Code Civ. Proc., § 860 et seq.) The complaint included the following allegations: Under section 33367 an ordinance adopting a redevelopment plan is required to contain a finding that the project area covered by the plan is blighted; the project area in question is in fact not predominated by blight within the meaning of section 33030 et seq. and defendants abused their discretion in finding the area to be blighted; because the project will be financed by taxes based on the assessed valuation of property within the project area, implementation of the project will result in unlawful diversion of property taxes to improper purposes. Defendants answered the complaint.

Trial of the cause was set for August 27, 1984. On August 1, 1984, plaintiffs filed a motion *in limine* requesting (1) an order excluding from evidence the administrative record of the proceedings which led to adoption of the amendment to the redevelopment plan; and (2) that the court view the allegedly blighted area covered by the plan. The motion was based on the ground that there is no foundation for admission of the administrative record because the proceedings in which the record was made were permeated by abuse of discretion or bad faith on the part of defendants, as was "the determination" of defendant redevelopment agency made in such proceedings; the court should view the project area in order to assist the court in ruling on the motion to exclude the record and to permit "full evaluation of the issues of the case" including the issue whether there was an abuse of discretion or bad faith in creating the record and making a finding of blight. On September 6, 1984, after the cause was called for trial, plaintiffs requested that the court take judicial notice that the area added to the redevelopment project by amendment is not a blighted area and was not blighted during the period January 1—July 15, 1981. On September 10 the court denied plaintiffs' motion *in limine* and their request for judicial notice, received the administrative record in evidence, and denied plaintiffs' motion that the court exercise its independent judgment in reviewing the record rather than limit its review to the substantial evidence standard. The trial then proceeded.

In its statement of decision the court determined, inter alia: The administrative record was properly prepared and includes a complete and accurate

---

[2]The County of Los Angeles and its flood control district filed a similar action against the same defendants. (No. C-382071.) While the two actions were consolidated for all purposes, we ignore the county's action inasmuch as the plaintiffs therein do not appeal from the judgment.

transcript of all proceedings and deliberations of defendants regarding adoption of the amendment and the ordinance. Plaintiffs presented no evidence in support of the contention that defendants abused their discretion or acted in bad faith in the creation of the administrative record. A review of the record discloses that it is complete in all respects and contains sufficient detail to allow any person examining it to ascertain with ease all of the actions taken by defendants, and the reasons therefor, in adopting the plan and the ordinance. The evidence shows that the steps taken by defendants in enacting the ordinance were in conformity with the applicable statutory provisions. The substantial evidence standard of review supports the legislative body's finding that the project area was blighted within the meaning of section 33000 et seq. Plaintiffs' requests that the court view the project area and take judicial notice of its character and condition were properly denied as beyond the permissible scope of judicial review. All of the findings and determinations required to be made by the legislative body pursuant to section 33367 were properly made and are supported by substantial evidence appearing in the administrative record.

Judgment was entered decreeing that the ordinance and the amendment to the redevelopment plan are valid in all respects and permanently enjoining all persons from instituting any action or proceeding raising any issue of the validity of the ordinance and the plan (§ 33503).

Plaintiffs appeal from the judgment.[3]

## DISCUSSION

Plaintiffs contend that the trial court erred in employing the substantial evidence standard of review without first reaching the merits of their allegation of abuse of discretion or bad faith which they sought to prove by having the court view the redevelopment area or take judicial notice that, contrary to the administrative finding, the project area is not blighted.

The substantial evidence standard, not the independent exercise of the court's judgment, governs judicial review of the findings and determinations of an agency and legislative body in the adoption and approval of a redevelopment plan. (*In re Redevelopment Plan for Bunker Hill* (1964) 61 Cal.2d 21, 37-41 [37 Cal.Rptr. 74, 389 P.2d 538]; *Berggren v. Moore*

---

[3]Plaintiffs also appeal from the statement of decision and from the order overruling their objections to the proposed statement. Neither the statement of decision nor such order is appealable (see Code Civ. Proc., § 904.1; *Estate of Resler* (1954) 43 Cal.2d 726, 739 [278 P.2d 1]; *Gosney v. State of California* (1970) 10 Cal.App.3d 921, 928 [89 Cal.Rptr. 390]) and the purported appeal therefrom must be dismissed. (*Thompson v. Boyd* (1963) 217 Cal.App.2d 365, 371 [32 Cal.Rptr. 513].)

(1964) 61 Cal.2d 347, 349 [38 Cal.Rptr. 722, 392 P.2d 522]; *Regus* v. *City of Baldwin Park* (1977) 70 Cal.App.3d 968, 975 [139 Cal.Rptr. 196]; *Sanguinetti* v. *City Council* (1965) 231 Cal.App.2d 813, 817 [42 Cal.Rptr. 268].) Plaintiffs recognize this rule but argue that it is applicable only where there was no abuse of discretion or bad faith in the preparation or creation of the administrative record; inasmuch as the court here failed to determine that issue before admitting the administrative record in evidence, the court was required to exercise its independent judgment in reviewing the record and was not authorized to employ the substantial evidence standard of review.

In support of this contention plaintiffs cite *In re Redevelopment Plan for Bunker Hill, supra,* 61 Cal.2d 21, wherein it was noted that the trial court, while it determined that the decisions and actions of the redevelopment agency and the city council were supported by substantial evidence and declined to exercise its independent judgment upon such evidence, also "received additional evidence in the hearings before it 'in order to determine the existence or non-existence of reasonable justification for such acts of the agency and the council and as to whether there was an abuse of discretion, fraud, collusion or bad faith.'" (61 Cal.2d at p. 38.) The *Bunker Hill* court continued with the following language upon which plaintiffs rely: "'The agency and the legislative body (city council) have authority to designate redevelopment areas, and a court is not empowered to substitute its determination for the determination of the agency or the legislative body in the absence of abuse of discretion, fraud, collusion, or bad faith on the part of the agency or the legislative body.'" (*Ibid.*)

While the *Bunker Hill* court apparently approved the admission of evidence outside the administrative record to aid in determining whether there was an abuse of discretion or bad faith in the acts of the redevelopment agency and the city council, the opinion indicates that such evidence was received during trial, not in a separate hearing the outcome of which determines the standard of judicial review of the administrative record. In short, contrary to plaintiffs' argument, *Bunker Hill* cannot be read as establishing a requirement that in an action challenging the validity of a redevelopment plan the trial court must exercise its independent judgment in reviewing the administrative record unless the court first conducts an evidentiary hearing to determine whether the redevelopment agency and the city counsel abused their discretion or were guilty of bad faith in the conduct of the administrative proceedings or the creation of the record. Nor would such a requirement be proper. In the Community Redevelopment Law the Legislature delegated to the agency and the city council the power to determine blight as well as the power to adopt and implement redevelopment plans (see *In re Redevelopment Plan for Bunker Hill, supra,* 61 Cal.2d 21, 52-53; *Re-*

*development Agency* v. *Hayes* (1954) 122 Cal.App.2d 777, 806-807 [266 P.2d 105]); the acts of the agency and the city council in carrying out such functions have been termed "legislative." (*Bunker Hill, supra,* 61 Cal.2d at p. 40; *Hunter* v. *Adams* (1960) 180 Cal.App.2d 511, 517, 519 [4 Cal.Rptr. 776].) " '[I]t must be held that the de novo type of review does not apply to quasi-legislative acts of administrative officers and that the judicial review is limited to an examination of the proceedings before the officer to determine whether his action has been arbitrary, capricious, or entirely lacking in evidentiary support, or whether he has failed to follow the procedure and give the notices required by law.' " (*Old Town Dev. Corp.* v. *Urban Renewal Agency* (1967) 249 Cal.App.2d 313, 330 [57 Cal.Rptr. 426]. See also *McKinny* v. *Board of Trustees* (1982) 31 Cal.3d 79, 88 [181 Cal.Rptr. 549, 642 P.2d 460]; *Pitts* v. *Purluss* (1962) 58 Cal.2d 824, 833 [27 Cal.Rptr. 19, 377 P.2d 83].)

 In an attempt to establish abuse of discretion or bad faith, plaintiffs requested that the trial court view the redevelopment area (Code Civ. Proc., § 651) or take judicial notice of its character (Evid. Code, § 452); such view or notice, it was argued, would aid the court in determining whether defendants abused their discretion or were guilty of bad faith in creating the administrative record and making a finding of blight. A trial judge's view of premises furnishes independent evidence of anything disclosed by his visual inspection (*Gibson* v. *Cobb* (1965) 236 Cal.App.2d 226, 234 [46 Cal.Rptr. 57]); the doctrine of judicial notice is an evidentiary doctrine which permits the court to consider as established in a case a matter of law or fact that is relevant to an issue, without the necessity of formal proof of the matter. (*Post* v. *Prati* (1979) 90 Cal.App.3d 626, 633 [153 Cal.Rptr. 511].) Thus, plaintiffs sought to establish abuse of discretion or bad faith by showing that the administrative finding of blight was contrary to evidence outside the record. Such evidence was properly excluded by the trial court's refusal to view the redevelopment area or take judicial notice of its character, for substantial evidence review of administrative action is limited to the record made before the administrative agency. (*National City Business Assn.* v. *City of National City* (1983) 146 Cal.App.3d 1060, 1065-1066 [194 Cal.Rptr. 707].) In any event, the evidence which plaintiffs sought to provide through judicial notice or a view of the property would not have established abuse of discretion or bad faith on defendants' part in making a finding of blight. While the characteristics of a blighted area (§§ 33031, 33032) " '. . . are in the main physical objects whose presence or absence is a matter of fact, yet it is equally true that the extent that these various elements enter into and form the predominating and distinctive traits of a neighborhood is frequently and largely a matter of opinion and whether such characteristics or some of them, considered all

together or in any combination, present a housing situation that in its final analysis may reasonably and fairly be said to be injurious to the public safety, health or morals, is to a great degree a matter of practical judgment, commonsense and sound discretion. There are, undoubtedly, instances where men of training and experience in special subjects related to construction, sanitation, fire prevention, zoning, public health, social service and other subjects might honestly differ in determining whether a certain district was a slum area. . . .' " (*Babcock* v. *Community Redev. Agency* (1957) 148 Cal.App.2d 38, 51 [306 P.2d 513].)

■ To present the issue that the actions of an administrative agency or a municipal body were tainted by abuse of discretion or bad faith, such issue must be pleaded by specifically alleging the facts constituting the claimed abuse of discretion or bad faith. (*Lagiss* v. *County of Contra Costa* (1963) 223 Cal.App.2d 77, 92-93 [35 Cal.Rptr. 450].) The complaint in the present case alleged that defendants "abused their discretion in finding the project area to be blighted, and the finding thereof is not supported by the evidence . . . ." The trial court determined that the finding of blight was supported by substantial evidence. Plaintiffs do not challenge that determination, which includes by necessary implication a finding that the allegation of abuse of discretion is untrue. The complaint did not allege an abuse of discretion or bad faith in the preparation or creation of the administrative record; that issue was raised for the first time in plaintiffs' motion *in limine.* The trial court disposed of the issue by its findings that plaintiffs presented no evidence showing abuse of discretion or bad faith in the creation or preparation of the administrative record, that the record is complete in all respects, and that defendants complied with all applicable statutory provisions in adopting the redevelopment plan and enacting the ordinance. Plaintiffs do not challenge any of such determinations.

## DISPOSITION

The judgment is affirmed. The purported appeal from the statement of decision and from the order overruling plaintiffs' objections to the proposed statement of decision is dismissed.

Thompson, J., and Johnson, J., concurred.

Appellants' petition for review by the Supreme Court was denied May 21, 1986.